IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


| | | |
|---|---|---|
| BARBARA DOLLARHIDE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:14CV00196 SWW |
| | * | |
| USABLE LIFE, | * | |
| | * | |
| Defendant. | * | |


**Opinion and Order**


Plaintiff Barbara Dollarhide ("Dollarhide") seeks review of Defendant USAble Life's ("USAble") decision to deny her benefits under a life insurance policy. Dollarhide argues she is entitled to a *de novo* review of the benefits denial. USAble asserts that the denial decision should be affirmed based upon the abuse of discretion standard of review. In the alternative, USAble contends that Dollarhide failed to exhaust administrative remedies. The Court affirms the decision based on an abuse of discretion review.

**Background**

Dollarhide is the widow of Roy Dollarhide who died on July 9, 2013. He worked for Service Professionals, Inc. ("Service Professionals") as a Laundry Operations Manager. Mr. Dollarhide had a group life insurance policy ("Policy") through Service Professionals that was insured by USAble. When Mr. Dollarhide became disabled in November 23, 2002, he filed a claim for extended life insurance benefits. USAble approved the claim and waived his premiums under the waiver of premium provision of the Policy. AR at 43-44, 109-110. USAble continued

to approve Mr. Dollarhide's applications for waiver of premium every year until October 2012, when USAble discovered through an audit that Mr. Dollarhide's waiver claim should have been terminated on May 1, 2009, when Service Professionals cancelled its group life insurance contract with USAble.

USAble wrote Mr. Dollarhide a letter on October 8, 2012, telling him about the mistake. USAble also told Mr. Dollarhide that he might be eligible to convert his coverage to an individual policy and thereby maintain his life insurance coverage.  USAble instructed him to complete an enclosed application within thirty-one days.  The letter further provided that if Mr. Dollarhide disagreed with the decision terminating his group life insurance policy, he could request a re-evaluation by writing to USAble within 180 days of the date of the letter. AR at 5-6. USAble did not send Mr. Dollarhide the annual request for medical documentation in the first quarter of 2013 as it had done in the previous years.  USAble did not receive any written appeal of the policy cancellation from Mr. Dollarhide or his family until after he died.

The Arkansas Insurance Department sent a letter to USAble dated July 30, 2013, informing it that Dollarhide had filed a complaint against USAble on July 18, 2013, and seeking a response.  AR at 65-67.  USAble responded that Dollarhide contacted it on July 17, 2013, and USAble advised her that it no longer carried coverage for Service Professionals and, therefore, she had no claim for benefits.  AR at 69.  On December 12, 2013, Dollarhide's attorney wrote USAble, challenging its denial of coverage.  Her attorney says Mr. Dollarhide never received the letter of October 8, 2012, which explained that his waiver claim was terminated and notified him of conversion rights.  Her attorney also stated Mr. Dollarhide would have been too sick to understand the meaning of the letter even if he had received it.  AR at 130.  USAble denied

2

coverage on the basis that the request for appeal was untimely.

Dollarhide filed a complaint against USAble on February 14, 2014 in the Circuit Court of Pulaski County, Arkansas.  USAble removed the case to federal court based upon the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").  USAble asks the Court to affirm its ruling.  Dollarhide asks the Court to review additional medical information and reverse USAble's decision.

## Discussion

The standard by which the Court reviews an ERISA benefits decision is dictated by the terms of the ERISA plan in question.  Denial of ERISA benefits is reviewed on a *de novo* standard "unless the benefit plan gives the administrator or fiduciary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v, Bruch*, 489 U.S. 101, 115 (1989).  When an ERISA plan authorizes the claims administrator to determine eligibility for benefits, the Court must decide whether the administrator abused its discretion in making its determination.  *Darvell v. Life Ins. Co. of North America*, 597 F.3d 929, 934 (8th Cir. 2010).

The Policy states:

**Claim Review**

If a claim is denied, you will be given written notice of:

1. The reason for the denial; and
2. The policy provision that relates to the denial; and
3. Your right to ask for a review of your claim; and
4. Any additional information that might allow us to change our decision.

USAble Life shall have authority and full discretion to determine all questions arising in connection with the plan benefits, including but not limited to eligibility, beneficiaries, interpretation of Plan language, and findings of fact with

regard to any such questions.  The actions, determination, and interpretation of
USAble Life with respect to all such matters shall be conclusive and binding.
This means that should there be any question concerning how the Plan applies:

1.  To any benefits;
2.  Concerning an employee's eligibility for plan benefits;
3.  Concerning the determination of beneficiaries; or
4.  To any other question or issue, whether one of fact or one of Plan
interpretation;

USAble Life is deemed the exclusive right and authority to resolve all such
questions in the exercise of USAble Life's sole discretion.

AR 146-147.  The Court finds the Policy gives the administrator of the plan discretion to review

the claim.  Therefore, the Court reviews USAble's decision for abuse of discretion.  Under this

standard of review, the Court must uphold USAble's decision as long as it is based on a

reasonable interpretation of the Plan and is supported by substantial evidence.  *See King v.*

*Hartford Life & Accident Ins. Co.*, 414 F.3d 994, 998-1000 (8th Cir. 2005).

Dollarhide asks the Court to consider evidence not before USAble at the time it made its

decision to deny benefits.  She asserts that even if her husband received the letter from USAble

informing him that the Policy  had been terminated and of his appeal rights, he was too ill to be

able to understand the situation.  She asks the Court to consider additional medical evidence,

which she sought to include in the administrative record in this case.

The scheduling order set June 9, 2014, as the deadline for the parties to file an agreed

administrative record.   According to USAble, it sent the proposed administrative record to

Dollarhide's counsel on May 15, 2014.[1]  On May 19, 2014, USAble's counsel inquired whether

Dollarhide's counsel had any objection to the proposed administrative record,[2] and on

---

[1]Def's Resp. to Pl's. Br. [ECF No. 10], Ex. A.

[2]*Id.,* Ex, B.

approximately June 4, hand-delivered to her counsel a disc containing the proposed administrative record.[3]   On June 9, 2014, USAble's counsel received a disc from Dollarhide's counsel containing proposed additional documents.  USAble refused to include the additional documents because they were medical records dated after USAble's decision to deny benefits or were documents that had never been provided to USAble.[4]   USAble filed the proposed stipulated administrative record on June 9, 2014.  On June 23, 2014, Dollarhide filed an addendum to the stipulated record, which are medical records that Dollarhide says she was not aware were not included in the filed administrative record, and prescription drug medications that Mr. Dollarhide was taking which, she contends, show the effect they may have had on his ability to make or understand important decisions.  Dollarhide argues that without these additional records, the Court will be unable to make a fair decision.

A court has some discretion to allow the parties to supplement the record that was before the plan administrator when the standard of review is *de novo*.  *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993).  Under the abuse of discretion standard, the Court considers "only the evidence that was before the administrator when the claim was denied."  *Farfalla v. Mutual of Omaha Ins. Co.*, 324 F.3d 971, 974-75 (8th Cir. 2003)(internal citation and quotation omitted).

The evidence before USAble was that Mr. Dollarhide became disabled in 2002.  Every year beginning in 2003, USAble sent letters to Mr. Dollarhide asking him to furnish the company with medical documentation in support of his waiver of premium due to disability.  AR at 41,42,39, 37, 30, 103, 20, 14, 15, 10.  Every year Mr. Dollarhide had his physician complete

---

[3]*Id* at 8.

[4]*Id.*, Ex. C.

5

the Attending Physician Statement and returned that Statement and his completed form to

USAble.  Each year, the Attending Physician Statement said that Mr. Dollarhide was totally

disabled but that his disabilities were physical and caused by several conditions including

COPD.  Mr. Dollarhide's physical impairment was rated on a scale of 1 to 5, with 1 being no

limitation.  His physical impairment was rated either a 4 or 5 every year.  Every year his

mental/nervous impairment was rated 1: "Patient is able to function under stress and engage in

interpersonal relations (no limitations)."  On May 19, 2011, and on March 28, 2012, Mr.

Dollarhide's physician answered "yes" as to whether Mr. Dollarhide was "competent to endorse

checks and direct the use of the proceeds."  AR 13 & 79; 9 & 74.  The yearly letters USAble sent

to Mr. Dollarhide were addressed to the same address as its letter informing him that the

insurance policy was cancelled.  It is the same address Mr. Dollarhide entered on his form sent to

USAble every year.  There is no evidence in the record that would cause USAble to believe that

Mr. Dollarhide would be unable to understand and respond appropriately to its October 8, 2012,

letter or that he would not have received it.

      USAble also argues that Dollarhide failed to timely exhaust her administrative remedies.

"Before filing in federal court . . . a claimant must exhaust the administrative remedies required

under the particular ERISA plan." *Angevine v. Anheuser-Busch Companies Pension Plan,* 646

F.3d 1034, 1037 (8th Cir. 2011).  "Where a claimant fails to pursue and exhaust administrative

remedies that are clearly required under a particular ERISA plan, his claim for relief is barred."

*Chorosevic v. MetLife Choices*, 600 F.3d 934, 941 (8th Cir. 2010)(internal citation and quotation

omitted).  "Failure to file a request for review within the Plan's limitations period is one means

by which a claimant may fail to exhaust administrative remedies." *Goewert v. Hartford Life &*

*Accident Ins. Co.*, 442 F.Supp.2d 724, 730 (E.D.Mo. 2006).  "[E]xhaustion of contractual

remedies is required in the context of a denial of benefits action under ERISA when there is

available to a claimant a contractual review procedure that is in compliance with 29 U.S.C. §

1133 and 29 C.F.R. § 2560.503-1(f) and (g). This exhaustion requirement applies so long as the

employee has notice of the procedure, even if the plan, insurance contract, and denial letters do

not explicitly describe the review procedure as mandatory or as a prerequisite to suit."  *Wert v.

Liberty Life Assurance Co. of Boston, Inc.*, 447 F.3d 1060, 1063 (8th Cir. 2006).

 Here, the October 8, 2012 letter informed Mr. Dollarhide that the Policy had been

cancelled by his employer and that he might be able to convert to an individual policy with the

completion of an application and payment of premium within 31 days.  The letter also stated that

he could request a re-evaluation of the decision to terminate his Policy by submitting such

request in writing within 180 days of the date of the letter.  AR 5.  Mr. Dollarhide did not

respond with an application or request for review.  USAble received no written notice of an

appeal until July 2013 when Dollarhide filed a complaint with the Arkansas Insurance

Department.   USAble was not contacted again until December 12, 2013, more than four months

after USAble received and responded to the inquiry from the Arkansas Insurance Department.

Even though Dollarhide's appeal was untimely because it was received more than 180 days after

the date of the claims decision letter, USAble conducted a review. AR 130, 132.

 The evidence is undisputed that Service Professionals cancelled the Policy and that Mr.

Dollarhide was responsible for converting his policy to an individual policy.  There is no

evidence that he attempted to do so.  The Court finds USAble did not abuse its discretion in

finding that the Policy had been cancelled and Dollarhide was not entitled to any benefits under

the Policy.

## Conclusion

For the reasons stated, the decision to deny plaintiff's claim for benefit is upheld, and this case is dismissed with prejudice.

IT IS THEREFORE ORDERED  this 20th day of October, 2014.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE